## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>**Kimberly McClure** )<br>900 S. Clark Street, Apt 1220 )<br>Chicago, IL 60605 )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>**Antony J. Blinken,** )<br>Secretary of State, )<br>U.S. Department of State )<br>2201 C St NW )<br>Washington DC 20520 )<br> )<br> Defendant. )<br>_____ ) | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kimberly McClure, by and through undersigned counsel, files this Complaint against Defendant Antony J. Blinken, Secretary, Department of State, named in his official capacity ("Defendant") for violations of Title VII for discrimination and hostile work environment.

## NATURE OF ACTION

1. This is an action to recover damages for Defendant's unlawful discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII").

2. Plaintiff Kimberly McClure is a black Foreign Service Officer with more than 18 years of service with Defendant.

3. Ms. McClure had a successful career until Virginia Blaser (white)  became her supervisor.

4. Upon becoming Plaintiff's supervisor, Ms. Blaser denied her career-enhancing opportunities, intentionally weakened her competitiveness for promotion, and blocked her from receiving performance awards.

5. Ms. Blaser similarly reduced the responsibilities of other black employees while at the same time enhancing the duties of her white subordinates and issuing them performance awards.

6. Further, Ms. Blaser demonstrated a racial animus toward black people when she repeatedly mocked black employees and degraded other high level black U.S. government officials.

7. Ms. Blaser's actions, described in more detail below, demonstrate that she reduced Plaintiff's substantive responsibilities and harmed her career because she is black in violation of Title VII of the Civil Rights Act.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

9. Pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), venue is proper in this judicial district as the relevant employment records are maintained in Washington, D.C. by the Defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.9.

11. Plaintiff filed a formal equal employment opportunity ("EEO") complaint with Defendant's EEO office on August 14, 2018.

12. Plaintiff requested a hearing before an EEOC Administrative Judge following the Defendant's completion of its investigation of Plaintiff's formal EEO complaint.

13. On November 1, 2021, Plaintiff's case was dismissed by an EEOC Administrative Judge.

14. On December 9, 2021, Plaintiff received a Final Decision implementing the Administrative Judge's decision.

15. Plaintiff is filing this complaint less than 90 days after receiving a final agency decision, in accordance with 29 C.F.R. § 1614.407(a).

## PARTIES

16. Plaintiff is currently a resident of Chicago, Illinois.

17. Plaintiff was employed by Defendant in Cape Town, South Africa between October 2015 to October 2018 and is currently assigned to a Washington DC based office of the Department of State.

18. During the relevant period, Plaintiff was Defendant's employee within the meaning of Title VII and entitled to protections of the same.

19. Defendant, Antony J. Blinken is the Sectary of State for the Department of State and is named in his official capacity. The Department of State is a federal agency located in Washington, D.C.

## STATEMENT OF FACTS

### *Plaintiff is a member of a protected class.*

20. Plaintiff is a black female.

21. Virginia Blaser, the former Consul General who took adverse actions against Plaintiff, is a white female.

### *Plaintiff's Employment with Defendant Prior to Ms. Blaser*

22. Plaintiff served as a Foreign Service Officer at the US. Consulate in Cape Town, South Africa between October 6, 2015, and October 7, 2018.

3

23. Plaintiff was the third highest-ranking officer at the Cape Town Consulate.

24. Plaintiff worked as the Assistant Public Diplomacy Officer and was responsible for cultural and exchange programs and operations at American Spaces in the consular district.

25. At all relevant times, Plaintiff reported to Ms. Ellen Masi, Public Affairs Officer.

26. In July 2017, Plaintiff served as acting Consul General (CG) during a three-week period leading up to the arrival of the new CG, Ms. Blaser.

27. While serving as acting CG, Plaintiff performed high-profile work in her role, including organizing an official visit by U.S. Supreme Court Justice Sonia Sotomayor to South Africa and hosting an event for her in her home, as well as organizing other U.S. government events in multiple South African cities.

### *CG Blaser Marginalized, Demeaned and Excluded Plaintiff and Other Black Officers.*

28. Beginning in August 2017, Plaintiff's second line supervisor became Consul General, Virginia Blaser.

29. Almost immediately, Ms. Blaser began to marginalize black employees including Plaintiff, limiting their professional opportunities, and diminishing their accomplishments.

30. Ms. Blaser lavished effusive praise on and created promotion-enhancing opportunities for her white subordinates, but not her black employees.  Instead, Ms. Blaser consistently belittled black employees working for the U.S. government across South Africa.

31. Ms. Blaser constantly insulted her counterpart in Durban, Sherry Sykes, a black Foreign Service Officer as well as her predecessor, Ambassador Teddy Taylor, who is black.

32. Ms. Blaser spoke disparagingly of Ambassador Taylor and referred to him as having a "cabal" favoring other black employees.

33. At joint virtual meetings, Ms. Blaser told consulate staff in Cape Town that Ms. Sykes spoke horribly and that staff should not speak like her.  She said this on multiple occasions.

34. Ms. Blaser removed high-profile work assignments from other black officers' responsibilities, including leading visits by senior U.S. cabinet officials, members of Congress, and briefing senior U.S. embassy officials on topics for which they were the foremost subject matter expert.

35. Ms. Blaser also refused to include black officers in meetings and events relevant to their work portfolios.

### *Consul Blaser Blocked Plaintiff from Receiving Awards.*

36. Ms. Ellen Masi discussed her intention to nominate Plaintiff in for an award for her time as Acting CG and for the events she organized and hosted for high level visits.

37. Despite urging managers to submit award nominations on multiple occasions, Ms. Blaser publicly discouraged Ellen Masi from writing Plaintiff an award nomination.

38. Ms. Blaser claimed that Plaintiff should not get an award because she was only "covering" roles.

39. Ms. Blaser ultimately blocked Plaintiff from receiving the award.

40. However, Ms. Blaser gave an award to Sally Meyers, a white officer, who was also covering for her boss as Consular Chief during the same period that Plaintiff covered three jobs, including the more senior role of Acting Consul General.

41. Ms. Blaser wrote Meritorious Step Increase Awards for two employees during her first year as Consul General.  Both recipients were white officers.

### *Ms. Blaser Removed Plaintiff from Weekly Meetings.*

42. During her first week, Ms. Blaser removed Plaintiff from weekly senior staff meetings. Plaintiff and her predecessor had been included in weekly staff meetings during the preceding three years, as they were the same rank as other attendees.

43. On or around May 3, 2018, Plaintiff asked to lead a brainstorming session with all Consulate Cape Town employees and provide Ms. Blaser with a memo on how to improve the U.S. foreign policy goals in South Africa.

44. This opportunity would help Plaintiff compete for promotion by demonstrating her involvement in shaping U.S. policy in South Africa.  Ms. Blaser denied Plaintiff's request to lead the session and stated she was instead appointing two white males (Charles Lobdell and Brian Randall) to participate in any relevant policy meetings instead.

### *Ms. Blaser Refused to Include Relevant Experience in Plaintiff's Evaluation.*

45. On or around April 3, 2018, Plaintiff met with CG Blaser to discuss her evaluation, as Ms. Blaser served as the reviewing official.

46. As the rating official, Ms. Masi gave Plaintiff a strong evaluation and recommended Plaintiff for promotion.

47. Ms. Blaser did not include a substantive assessment of Plaintiff's most notable accomplishments, including that she had served simultaneously as Acting CG and Public Affairs Officer (PAO).  These accomplishments would stand out to a promotion board.

48. Even though Ms. Blaser communicated with Plaintiff throughout her time as Acting CG and PAO, Ms. Blaser claimed she could not comment on her performance and refused to include a substantive assessment.

49. In contrast, Ms. Blaser provided an assessment of a white employee's performance that occurred prior to her arrival.  Ms. Blaser provided positive statements for this white officer on the same event that Plaintiff served as a lead organizer while Acting CG and Acting PAO.

50. Ms. Blaser refused to state that Plaintiff deserved a promotion, despite never sharing any concerns about Plaintiff's performance in previous meetings.

51. Plaintiff was not promoted as a direct result of Ms. Blaser's lack of recommendation for promotion, refusal to include relevant work accomplishments in her performance evaluation, and denial of additional opportunities to Plaintiff that would have made Plaintiff more competitive for promotion.

### _Consul Blaser Permitted Only White Officers to Serve as Acting Consul General._

52. On or around May 23, 2018, Ms. Blaser prepared a schedule of who would be able to serve Acting Consul General in Summer 2018.   Plaintiff was not included on this list.

53.  Ms. Blaser provided the opportunity for every white FS-02 officer at the Consulate to serve as Acting Consul General for one week.  She did not offer the opportunity to any of the three FS-02 African American officers (Plaintiff, Gregory Strozier and Andrea Cameron). Ms. Blaser also provided the opportunity to serve as Acting Consul General to a white male FS-03 employee who ranked lower than all three African American employees.

54. Plaintiff was only listed for Acting Deputy Post Officer (DPO) which was not a formal position at post and was less competitive for promotion purposes.

55. Realizing this disparate treatment, Ms. Masi emailed Ms. Blaser on June 21 requesting that the two black FS-02 officers be given the same opportunity.

56. Ms. Blaser stated Plaintiff was not selected to serve because she had served in the Acting CG role the year prior.

57. This is not a consistent policy, as other employees including Ms. Masi had served as Acting CG on multiple occasions. Plaintiff is aware of individuals who served as Acting CG for multiple times over more than one year. These individuals are white.

58. The following individuals were permitted to serve as Acting Consul General for one week in June 2018: Brian Randall; Chas Lobdell; Eli Whitney; Ellen Masi.  Each of the selected individuals are white.

59. Upon information and belief, no black employee was permitted to serve as Acting Consul General for one week during any point since Ms. Blaser's arrival.

60. Indeed, Ms. Blaser allowed a white employee at a lower grade than Plaintiff (Robert Eli Whitney) to serve as Acting Consul General for one week.

61. Allowing officers of a lower rank to serve in the role before employees at a higher rank is contrary to standard practice of assigning your highest ranked, longest serving officer to fill the role.

62. Plaintiff was the highest-ranked, longest serving FS-02 officer at the Post in Cape Town.

63. In addition to rank, Plaintiff had more experience in the office than white officers who were selected to serve for one week.

64. Plaintiff was harmed by being denied the opportunity to serve as Acting Consul General. She lost the ability to interact with high-ranking officials. Her colleagues asked her why she was not serving as Acting CG because she was the next highest-ranked officer on Post.

65. She also lost the opportunity to show her leadership skills which is a key component of her appraisal and a key aspect to an officer's reputation when bidding on new assignments.

66. Following her tenure under Ms. Blaser, Plaintiff took Leave without Pay for three years due to the emotional distress and harm caused by Ms. Blaser.

67. Plaintiff sustained emotional distress, humiliation, and mental anguish as a result of the foregoing unlawful behavior.

### COUNT I
(42 U.S.C. § 2000e–Discrimination on the Basis of Race)

68. Plaintiff repeats and realleges paragraphs 1–67, above, as if fully set forth herein.

69. Defendant discriminated against Plaintiff on the basis of race.

70. By and through its conduct, Defendant violated Title VII. Defendant's actions were intentional, reckless, and malicious.

71. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, and mental anguish.

### COUNT II
(42 U.S.C. § 2000eet seq.–Hostile Work Environment on the Basis of Race)

72. Plaintiff repeats and realleges paragraphs 1–71, above, as if fully set forth herein.

73. Defendant subjected Plaintiff to harassment and a hostile work environment because of her race.

74. By and through its conduct, Defendant violated Title VII.

75. Defendant's actions were intentional, reckless, and malicious.

76. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, and mental anguish.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor against Defendant and award her damages including $300,000 in compensatory damages for pain and suffering, back pay, front pay, lost benefits, liquidated damages, consequential damages, punitive damages, pre- and post-judgment interest, costs, the increased tax burden on

any award, reasonable attorneys' fees, any other relief allowed under the above-referenced

statutes, and any other relief that the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all Counts contained in the Complaint.

Respectfully submitted,

Alan Lescht & Associates, P.C.
By: __/s/Katherine Lease_____
Ellen Renaud (#479376)
Katherine Lease (#1722844)
1825 K Street NW, Suite 750
Washington, DC 20006
Tel: (202) 463-6036
Fax: (202) 463-6067
Ellen.renaud@leschtlaw.com
Katherine.lease@leschtlaw.com