## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ———————————————————— )<br>**KIMBERLY McCLURE,**   )<br>   )<br>   **Plaintiff**   )<br>   )<br>   **v.**   )<br>   )<br>**ANTONY BLINKEN**   )<br>   )<br>   **Defendant.**   )<br>———————————————————— ) | **Civil Action No. 22-0624 (ACR)** |

### DEFENDANT'S OPPOSITION TO PLAINTIFF MOTION FOR
### LEAVE TO FILE SECOND AMENDED COMPLAINT

Antony Blinken, in his official capacity as Secretary of State ("Defendant"), by and through undersigned counsel, respectfully submits his Opposition to Kimberly McClure's ("Plaintiff") Motion for Leave to file a Second Amended Complaint.

This is Plaintiff's third bite at the apple and the Court should not allow it because where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. See *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006).   After Defendant moved to dismiss the original Complaint, *see* ECF No. 11, Plaintiff filed her first amended Complaint, which fared no better than the first. *See* ECF No. 13.   Defendant again moved for dismissal, *see* ECF No. 15, and on July 13, 2023, the Court granted the Defendant's motion and dismissed the Complaint, without prejudice, but stated that it was a final appealable order.   *See* ECF No. 21 ("Memo. Op.").   Plaintiff now seeks leave to file a Second Amended Complaint ("PSAC") that basically retreads claims that the Court already considered carefully and properly dismissed.

Courts may deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, (1962); *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012); *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)).   Here, all of the above apply.   First, there has been undue delay in Plaintiff's request to amend, despite two previous attempts, and a substantive decision by the Court.   *Harris v. Howard Univ.*, 1996 U.S. Dist. Lexis 21780, *15 (D.D.C. 1996) (delay in presenting a post-judgment amendment when the moving party had an opportunity to present the amendment earlier is a valid reason for a district court not to permit an amendment.).

Second, Defendant would be prejudiced by a new Complaint that substantially covers the same ground as before, having fought for and relied upon a favorable and sound decision the first time around. See *Judicial Watch*, 466 F. Supp. 2d at 123 (where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.). Third, it is bad faith to file a complaint on essentially the same issues, after the Court has issued an opinion without offering reasons for the Court's reconsideration.   Once a judgment is entered, an amendment to a complaint can only be granted after the requisites of Fed. R. Civ. P. 59(e) or 60(b) have been satisfied.   *Harris*, 1996 U.S. Dist. Lexis 21780, *15. And, lastly, the amendment is futile because it covers the same ground and advances the same issues as the first amended complaint, which was properly dismissed.   For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied. Moreover, Plaintiff has failed to articulate any basis for the Court grant leave to file a SAC other

than to "cure" the previous complaints' defects.   *See* ECF No. 22.   This does not satisfy the governing Rule's requirements set forth above.

Plaintiff is an African-American female who was employed as a Public Diplomacy Officer at the Cape Town, South Africa consulate between October 2015 and 2018.   She alleges a myriad of purported discriminatory and retaliatory actions during the regime of former Consul General ("CG") Virginia Blazer, which begun in August 2017.   *See* ECF No. 13 at 3-4 ¶¶ 20-26 ("Am. Compl.").   Specifically, Plaintiff alleged that: (1) CG Blaser marginalized, demeaned, and excluded Plaintiff and other African-American officers; (2) CG Blaser blocked Plaintiff from receiving awards; (3) CG Blazer removed Plaintiff from weekly meetings that she attended before Blazer's arrival; (4) CG Blazer refused to include relevant experience in Plaintiff's evaluation in April 2018; (5) CG Blaser permitted only white officers to serve as Acting Consul General.   *See generally* Am. Compl.   Plaintiff has failed to add any new claims, neither could she because she is limited by what was exhausted at the administrative level.

The Court properly dismissed Plaintiff's unexhausted claims.   *See* Memo. Op. at 6 ("The following alleged acts of discrimination therefore fail as untimely: (1) Blaser recommended that Plaintiff not receive an award (October 2017); (2) Blaser excluded Plaintiff from senior staff weekly meetings (October 2017); and (3) Blaser submitted an incomplete employee evaluation (April 2018). For good reason, Plaintiff does not claim otherwise in her opposition.").   *Savage v. District of Columbia*, 2019 U.S. Dist. Lexis 211233 *5 (D.D.C. 2019) (denying leave to file a second amended complaint that alleged untimely claims).

The Court also dismissed the hostile work environment claims stating: "Plaintiff's allegations of Blaser's unprofessional supervision therefore do not show that Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult sufficient to create an abusive working environment."   Memo. Op. at 12.   2011).   And concluding that "[a]llegations of undesirable job assignment or modified job functions and of [a supervisor's] unprofessional and offensive treatment are not sufficient to establish that [the plaintiff's] work environment was permeated with discriminatory intimidation, ridicule, and insult."   *Id*. at 11 The only change Plaintiff has made to this allegation is that "Ms. Blaser lavished effusive praise on *and actively sought* and created promotion-enhancing opportunities for her white subordinates, but not her black employees."   SAC at 4 ¶ 28.   It appears that, for whatever reasons, but likely strategically, Plaintiff has failed to clearly delineate which claims are discriminatory and which are hostile.   Regardless, it would be futile to grant leave for Plaintiff to amend this claim because it is still subject to dismissal for reasons that the Court has already articulated.   This slight change of three words does not overcome the Court's rationale.   Where a proposed amended complaint would not survive a motion to dismiss, leave to amend should be denied on the grounds of futility.   *See Willoughby v. Potomac Elec. Power Co*., 100 F.3d 999, 1003 (D.C. Cir. 1996).

The Court dismissed the claim that CG Blaser permitted only white officers to serve as Acting Consul General, because "Plaintiff provides no supporting facts or allegations that Blaser's decision not to permit [her] to serve as Acting Consul General for one week affected the 'terms, conditions, or privileges' of her employment."   Memo. Op. at 8.   The Court held Plaintiff's allegation that "the opportunity [to be Acting Consul General] would have afforded

4

her the 'ability to interact with high-ranking officials,' [] and 'show her leadership skills,'" was in her Blazer's discretion and was not an adverse action that affected the terms, conditions, or privileges of Plaintiff's employment even Post-*Chambers*.   *Id*. at 7-9 (citing *Chambers v. District of Columbia*, 35 F.4th 870, 874–75 (D.C. Cir. 2022)).

In an attempt to state a claim on the third try, Plaintiff appears to be realleging that not being allowed to fill the Acting Consul General slot for one week denied her an opportunity to gain experience for promotions or onward assignments."   PSAC at 11 ¶ 69.   Plaintiff further alleges that "[s]erving in the Acting CG role helps employees compete for promotion and . . . was a critical element of performance evaluations."   *Id*. at 12 ¶¶ 83-84.   "[M]inor changes in work-related . . . opportunities do not constitute an actionable injury unless they are accompanied by some other adverse change in the terms, conditions or privileges of employment."   *Stewart v. Evans*, 275 F.3d 1126, 1135 (D.C. Cir. 2002).   As the Court pointed out, "given that [Plaintiff] served in [her] role in 2017 and left the consulate in late 2018," the denial of an Acting Consul General did not adversely affect her as she never competed for the position anyway.   *See Weber v. Hurtgen*, 297 F.Supp.2d 58, 66 (D.D.C. 2003) ("Plaintiff's denial of employment as acting Deputy Executive Secretary did not result from an adverse act since plaintiff did not have opportunity to compete for this position in the first place."); *Vargas v. Martinez*, 2005 U.S. Dist. Lexis 7983 *11 (D.D.C. 2005) ("Vargas' speculative injury cannot form the basis of an adverse employment action – he has produced no evidence that he applied for and was denied a job because his portfolio lacked a photograph of the current president.").

Plaintiff now alleges that "[a]t least two individuals who served in the Acting CG role were in fact promoted and received various meritorious step awards following their time in the Acting role" and that she and another African-American colleague were not promoted.   *See* SAC at 13 ¶¶ 88-89.   But, Plaintiff's proposed amended complaint offers facts that plaintiff was well aware of before she filed her original Complaint and before this Court entered its dismissal order, and plaintiff has offered no excuse for failing to bring this evidence forward, which she could have done, prior to the Court's decision on Defendant's Motion to Dismiss. *See Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Furthermore, nowhere does Plaintiff allege that she was denied any particular term, condition, or privilege of employment arising from the denial of the Acting Consul General position for one week. Because this claim would not likely survive a third motion to dismiss, the Court should deny leave on the grounds of futility.

Defendant's argument is also bolstered by the fact that the Court's decision is the law of the case. The law-of-the-case doctrine refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as the law of the case) by that court or a higher one in earlier phases.   Under the law-of-the-case doctrine, the same issue presented a second time in the same case in the same court should lead to the same result.   The doctrine encompasses a court's explicit decisions, as well as those issues decided by necessary implication.   Adherence to the doctrine is not mandatory, but rather left to the district court's sound discretion.   *Ferring Pharmaceuticals, Inc., v. Azar*, 296 F. Supp. 3d 166, 175-76 (D.D.C. 2018) (citations omitted).   Accordingly, Plaintiff's motion for leave to amend her Second Amended Complaint should be denied.

6

August 18, 2023                         Respectfully submitted,


                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division


                                        By:_____/s/_____
                                        KENNETH ADEBONOJO
                                        Assistant United States Attorney
                                        United States Attorney's Office-DC
                                        601 D Street, N.W. – Civil Division
                                        Washington, D.C.   20530
                                        Telephone: (202) 252-2562

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KIMBERLY McCLURE,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No. 22-0624 (ACR)** |
| **v.** ) | |
| ) | |
| **ANTONY BLINKEN** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ORDER</u>

After considering this motion, the record herein, and applicable law,

it is this _____ day of _____, 202_, hereby

**ORDERED**, that Plaintiff's Motion for Leave to File a Second Amended Complaint is

DENIED; and it is

**FURTHER ORDERED**, that this action is dismissed with prejudice.

_____
HON. ANA C. REYES
UNITED STATES DISTRICT JUDGE

8