UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Kimberly McClure, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 22-cv-00624 |
| Antony J. Blinken, Secretary of State, U.S. Department of State, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff should be permitted to file her Second Amended Complaint so that this Court may decide whether she has articulated sufficient harm to withstand a motion to dismiss. *See* Amended Complaint (alleging that Defendant denied her opportunities to gain experience and connections that would lead to advancement and promotion). Defendant has not carried its burden to "show unfairness in procedure or timing preventing the non-movant from properly responding." *In re Vitamins Antitrust Litigation*, 217 F.R.D. 30, 32 (D.D.C. 2003); *Dooley v. United Technologies Corp.*, 152 F.R.D. 419, 425 (D.D.C. 1993) (The "opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.") (internal quotations omitted).

In its opposition, Defendant argues that Plaintiff should have brought forward her new allegations earlier and should not now be permitted to replead. That, however, is not the standard for denying a motion to amend. The decision to grant or deny a motion to amend a pleading is within the sole discretion of the district court, *Foman v. Davis*, 371 U.S. 178, 182

(1962), and leave to amend "*shall be freely given* when justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added). "Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is 'to facilitate a proper decision on the merits,' not to set the stage for 'a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004) (quoting *Foman,* 371 U.S. at 181–82).

This Court should not credit Defendant's complaint about the minimal delay here, given that Defendant has filed *six* motions to extend the time to file its own briefs since this case has been pending. *See* Docket Nos. 10, 14, 17, 18, 19 and 23.  In contrast, Plaintiff filed her motion for leave to file a Second Amended Complaint only fourteen days after the motion to dismiss the First Amended Complaint was granted, without any request for extension. Docket Nos. 21, 22. Nor has Defendant shown that it lacks access to information to confirm or refute the new facts and arguments made by the Second Amended Complaint.

It is in the interest of justice for the case to be decided on the merits, *i.e.*, whether the allegations sufficiently state a claim on which relief may be granted. The Court dismissed the First Amended Complaint *without* prejudice, on the grounds that it did not sufficiently proffer facts to show that the denial of the temporary Acting General Consul position "affected the terms, conditions, or privileges of employment without proffering supporting facts or allegations." Docket No. 21 at 7 (*quoting Black v. Guzman*, 2023 WL 3055427, at *8 (D.D.C. Apr. 24, 2023). The Court concluded that the denial of the position did not qualify "without showing some further harm." Thus, Plaintiff seeks to show such "further harm" in her Second Amended Complaint.

The Second Amended Complaint articulates how serving as the Acting General Consul for one week would have advanced Plaintiff's career:

- Serving as Acting Consul General is one of Plaintiff's job duties and a critical element of performance evaluations and was thus a term or condition of her employment. Second Amended Complaint ¶¶ 69, 84.

- "By not serving in the Acting role, Ms. McClure was unable to fulfill all her job duties to gain experience for promotions or onward assignments." *Id.* ¶ 69.

- When Defendant denied her the right to function as General Consul, Ms. McClure "lost the ability to interact with high-ranking officials, including Section Heads and senior officials." *Id.* ¶ 82. This includes interactions with the officials who evaluate her performance and determine promotions. *Id.*

- Diminished her promotion potential because "[p]romotion panels considered an employee's ability to successfully serve in a high-level leadership role." *Id.* ¶ 85.

- "At least two individuals who served in the Acting CG role were in fact promoted and received various meritorious step awards following their time in the Acting role." *Id.* ¶ 88. Meanwhile, "Ms. McClure, and her black colleague, Ms. Cameron, were not promoted." *Id.* ¶ 89.

These facts, combined with the facts previously pleaded, sufficiently demonstrate that serving as the acting General Consul provided "the potential for advancement in [her] career," which is a term, condition, or privilege of employment. *Pressley v. Mgmt. Support Tech., Inc.*, No. CV 22-2262 (RC), 2023 WL 5206107, at *7 (D.D.C. Aug. 14, 2023). In *Pressley v. Management Support Technology, Inc.*, Judge Contreras emphasized the importance of career harm:

> True, Pressley has not, in contrast to the plaintiff in *Liu*, explicitly articulated why attending the conference would have advanced his career. But the importance of Pressley's work with ServiceNow and the potential for advancement in his career by staying apprised of its developments is, upon construing his Second Amended Complaint in the light most favorable to him and drawing all reasonable inferences in his favor, fairly discernible from his allegations.

*Id.*

Ms. McClure's Second Amended Complaint goes further than the one in *Pressley*, because she specifically articulates that serving as the Acting General Consul would enhance her opportunities for promotion by providing opportunities to interact with officials who determine whether to promote her. Second Amended Complaint ¶ 82. Indeed, another Judge of this Court held that the Agency's refusal to allow a black employee to act as General Consul for one week constituted an adverse employment action because she lost out on the same career enhancement opportunities Ms. McClure describes in her Second Amended Complaint. Mem. Op., 10, *Cameron v. Blinken*, C.A. No. 22-0031 (D.D.C. Mar. 22, 2023). In *Cameron*, the plaintiff alleged that she suffered harm because "she lost out on the chance to interact with high-ranking officials, such as the Charge d'Affaires responsible for reviewing her work performance and was unable to showcase leadership skills that could lead to promotions and reputational advancement down the line." *Id.* The same is true in this case, and this Court should allow Ms. McClure to amend her Complaint to include these pertinent facts.

## Conclusion

Because the Second Amended Complaint contains facts sufficient to withstand a motion to dismiss, it is in the interest of justice to allow Plaintiff leave to file said complaint.

Date: August 25, 2023                                  Respectfully submitted,

/s/ Ellen K Renaud
Ellen Renaud # 479376
Katherine Lease # 1722844
Alan Lescht & Assoc., P.C.
1825 K Street NW, Suite 750
Washington, D.C. 20006
Tel (202) 463-6036
Fax (202) 463-6067
Katherine.lease@leschtlaw.com
Ellen.renaud@leschtlaw.com

*Attorneys for Plaintiff*